## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO
## GENERAL DIVISION

| | | |
|---|---|---|
| **Ronald Baxter,**<br>2862 Ira Road<br>Akron, OH 44333 | )<br>)<br>)<br>) | Case No:<br><br>Judge |
| Plaintiff | )<br>) | **VERIFIED COMPLAINT** |
| vs. | )<br>)<br>) | **Jury Demand Endorsed Hereon** |
| **Frank Baxter,**<br>464 Boston Mills Road<br>Hudson, OH 44236 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| **American Security Audio Visual Inc.,**<br>10000 Aurora Hudson Road<br>Hudson, OH 44236 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| **Baxter Property Management LLC,**<br>1000 Aurora Hudson Road<br>Hudson, OH 44236 | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

Now comes Plaintiff Ronald Baxter, by and through undersigned counsel and hereby states the following:

### PARTIES

1. Plaintiff Ronald Baxter resides at 2862 Ira Road, Akron, OH 44333.

2. Upon information and belief, Defendant Frank Baxter resides at 464 Boston Mills Road, Hudson, OH 44236



3. Defendant American Security & Audio Video Systems Inc. ("ASAV") is an Ohio for profit corporation with its principal place of business located at 10000 Aurora Hudson Road, Hudson, Ohio 44236.

4. Defendant Baxter Property Management, LLC ("BPM") is an Ohio limited liability company with its principal place of business at 10000 Aurora Hudson Road, Hudson, Ohio 44236.

## JURISDICTION AND VENUE

5. The events giving rise to facts underlying this case occurred in Summit County, Ohio thereby making venue in the Common Pleas Court of Summit County appropriate.

## GENERAL ALLEGATIONS

6. Plaintiff and Defendant Frank Baxter are 50/50 owners of ASAV, a close corporation.

7. ASAV installs security, audio-visual systems, security/surveillance systems, data/internet systems and the like for residential and commercial use.

8. ASAV, an Ohio corporation, does not have any formal operating agreements in place.

9. Accordingly, the general provisions of Chapter 1701 apply to the governance of ASAV.

10. Plaintiff and Defendant Frank Baxter are 30/70 owners of BPM respectively.

11. BPM owns the real estate, which ASAV rents to operate its business.

12. BPM, an Ohio limited liability company, does not have any formal operating agreements in place.

13. Accordingly, the general provisions of Chapter 1705 applies to the governance of BPM.

14. Upon information and belief, Frank Baxter's unlawful acts as it relates to his operation of ASAV and BPM as they relate to Plaintiff include, but may not be limited to, the following:

   a. Has not provided Plaintiff with requested "records", including but not limited to the most recent financial information of both companies, in accordance with the Ohio Revised Code;

　　　b.　　Has completely blocked Plaintiff's access to the physical structures and other assets related to ASAV's and BPM's operations;

　　　c.　　Fails to recognize Plaintiff's management rights in the company;

　　　　　i.　　For example, Frank Baxter has not permitted Plaintiff to have any knowledge as to why the ASAV's value has decreased almost 500% in the last year (pre-Corona) while under the singular management of Frank Baxter;

　　　d.　　Has wrongfully diverted money from the Company to pay for his own personal expenses;

　　　e.　　Received a disproportionate share of profits from the companies; and

　　　f.　　Refuses to permit Plaintiff to participate at all in the companies or enjoy the rights and privileges of ownership.

## Count I
## Breach of Fiduciary Duty Related to ASAV

15.　Plaintiff repeats and incorporates by reference paragraphs 1 through 14 as though fully rewritten herein.

16.　Defendant Baxter, as a shareholder and co-owner ASAV, owes fiduciary duties to Plaintiff Baxter in his capacity as a shareholder and co-owner of ASAV.

17.　Pursuant to these fiduciary duties, Defendant Baxter is required to act in good faith and with the care that an ordinarily prudent person in a like position would use under similar circumstances

18.　Defendant Baxter has breached his fiduciary duties to Plaintiff.

19.　Defendant Baxter acted willfully, recklessly, and with the intent of injuring Plaintiff Baxter, for the purpose of taking undue advantage of Plaintiff for his own benefit.

20.　As a direct and proximate result, Plaintiff has been damaged in an amount to be determined at trial.

21. Plaintiff has not brought this action as a derivative action on behalf of ASAV because he has sustained injuries separate and distinct from the corporation and because any such request would have been useless and futile, as Defendant Baxter has usurped complete and exclusive control of the money, property, and affairs of ASAV.

## Count II
### Breach of Duty of Loyalty Related to ASAV

22. Plaintiff Baxter repeats and incorporates by reference paragraphs 1 through 21 as though fully rewritten herein.

23. By virtue of his ownership and managerial control of ASAV and otherwise, Defendant Baxter owes a duty of loyalty to Plaintiff in his capacity as co-owner of ASAV.

24. Pursuant to this duty of loyalty, Defendant Baxter was obligated to act at all times with utmost good faith, honesty, and in the best interests of Plaintiff.

25. Defendant Baxter has breached his duty of loyalty to Plaintiff Baxter.

26. Defendant Baxter acted willfully, recklessly, and with the intention of injuring Plaintiff, and for the purpose of taking undue advantage of Plaintiff for his own benefit.

27. As a direct and proximate result, Plaintiff has been damaged in an amount to be determined at trial.

28. Plaintiff has not brought this action as a derivative action on behalf of ASAV because he has sustained injuries separate and distinct from the corporation and because any such request would have been useless and futile, as Defendant Baxter has usurped complete and exclusive control of the money, property, and affairs of ASAV.

## Count III
### Request for Information Pursuant to R.C. §1701.37

29. Plaintiff repeats and incorporates by reference paragraphs 1 through 28 as though fully rewritten herein.

4

30. Under R.C. §1701.37, Plaintiff Baxter has a right to information regarding ASAV.

31. Plaintiff has been denied this information as a result of Defendant Baxter's total usurpation of ASAV.

32. Because Defendant Baxter has breached his fiduciary duties, Plaintiff lacks full knowledge of ASAV's property, inventory, accounts receivable, income, and all other assets.

33. In order to ascertain ASAV's value and to evaluate its debts, liabilities, and revenue stream, Plaintiff Baxter requests that the Court order an accounting of ASAV and to provide Plaintiff Baxter with the statutorily mandated information.

## Count IV
### Judicial Dissolution Pursuant to R.C. §1701.91

34. Plaintiff Baxter repeats and incorporates by reference paragraphs 1 through 33 as though fully rewritten herein.

35. Plaintiff and Defendant Baxter are the only current shareholder of ASAV.

36. The shareholders are deadlocked on the management of ASAV.

37. Plaintiff, as a shareholder of ASAV, seeks judicial dissolution of ASAV, pursuant to R.C. §1701.91.

38. Defendant Baxter's actions, as described herein, have made it not reasonably practicable to carry on ASAV's business.

39. Therefore, Plaintiff seeks an order from this Court dissolving ASAV pursuant to R.C. §1705.47.

## Count V
### Conversion Related to ASAV

40. Plaintiff Baxter repeats and incorporates by reference paragraphs 1 through 39 as though fully rewritten herein.

5

41. Defendant Baxter, as the controlling shareholder of ASAV, has wrongfully exerted dominion and control over ASAV's assets, revenues, profits, and inventory inconsistent with his legal rights thereto.

42. Defendant Baxter's actions in wrongfully converting ASAV's assets and materials were without privilege to do so and constitute wrongful conversion of ASAV's property and has caused resulting harm, in an amount to be determined at trial, to the value of Plaintiff's 50% share in ASAV.

43. Plaintiff has not brought this action as a derivative action on behalf of ASAV because he has sustained injuries separate and distinct from the corporation and because any such request would have been useless and futile, as Defendant Baxter has usurped complete and exclusive control of the money, property, and affairs of ASAV.

### Count VI
### Unjust Enrichment Related to ASAV

44. Plaintiff repeats and incorporates by reference paragraphs 1 through 43 as though fully rewritten herein.

45. Defendant Baxter has used his position as controlling shareholder of ASAV to receive benefits at Plaintiff's exclusion.

46. Plaintiff has not received the same or proportional benefits for which he is entitled to as a co-shareholder of ASAV.

47. It would be unjust to allow Defendant Baxter to retain the benefits he has received as a result of his improper actions in excluding Plaintiff from the operations of ASAV.

48. As a direct and proximate result of Defendant Baxter's conduct, Plaintiff has been damaged in an amount to be determined at trial.

## Count VII
### Breach of Fiduciary Duty Related to BPM

49. Plaintiff repeats and incorporates by reference paragraphs 1 through 48 as though fully rewritten herein.

50. Defendant Baxter, as a member and co-owner BPM, owes fiduciary duties to Plaintiff Baxter in his capacity as a member and co-owner of BPM.

51. Pursuant to these fiduciary duties, Defendant Baxter is required to exercise and maintain a high standard of care in managing the affairs of BPM and acting at all times in good faith and in the best interests of Plaintiff Baxter.

52. Defendant Baxter has breached his fiduciary duties to Plaintiff Baxter.

53. Defendant Baxter acted willfully, recklessly, and with the intent of injuring Plaintiff, for the purpose of taking undue advantage of Plaintiff for his own benefit.

54. As a direct and proximate result, Plaintiff has been damaged in an amount to be determined at trial.

55. Plaintiff has not requested that BPM bring this action because any such request would have been useless and futile, as Defendant Baxter has usurped complete and exclusive control of the money, property, and affairs of BPM.

## Count VIII
### Breach of Duty of Loyalty Related to BPM

56. Plaintiff Baxter repeats and incorporates by reference paragraphs 1 through 55 as though fully rewritten herein.

57. By virtue of his ownership and managerial control of BPM and otherwise, Defendant Baxter owes a duty of loyalty to Plaintiff Baxter in his capacity as co-owner of BPM.

58. Pursuant to this duty of loyalty, Defendant Baxter was obligated to act at all times with utmost good faith, honesty, and in the best interests of Plaintiff Baxter.

59. Defendant Baxter has breached his duty of loyalty to Plaintiff Baxter.

60. Defendant Baxter acted willfully, recklessly, and with the intention of injuring Plaintiff, and for the purpose of taking undue advantage of Plaintiff Baxter for his own benefit.

61. As a direct and proximate result, Plaintiff Baxter has been damaged in an amount to be determined at trial.

62. Plaintiff Baxter has not requested that BPM bring this action because any such request would have been useless and futile, as Defendant Baxter has usurped complete and exclusive control of the money, property, and affairs of BPM.

## Count IX
## Violation of R.C. §1705.281

63. Plaintiff Baxter repeats and incorporates by reference paragraphs 1 through 62 as though fully rewritten herein.

64. Under R.C. §1705.281, Defendant Baxter owes duties of loyalty and care to Plaintiff.

65. Defendant Baxter's duties of loyalty and care to Plaintiff Baxter under R.C. §1705.281 include, but are not limited to, the following:

    a. to account to BPM any property, profit, or benefit Defendant Baxter derived in the conduct BPM's business or derived from a use by Defendant Baxter of BPM's property; and

    b. refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law.

66. Defendant Baxter breached his duty of loyalty and care to Plaintiff.

67. Plaintiff Baxter has suffered damages in an amount to be determined at trial as a direct and proximate result of Defendant Baxter's breaches R.C. §1705.281.

68. Plaintiff Baxter has not requested that BPM bring this action because any such request would have been useless and futile, as Defendant Baxter has usurped complete and exclusive control of the money, property, and affairs of BPM.

## Count X
### Request for Information Pursuant to R.C. §1705.22

69. Plaintiff Baxter repeats and incorporates by reference paragraphs 1 through 68 as though fully rewritten herein.

70. Under R.C. §1705.22, Plaintiff has a right to information regarding BPM.

71. Plaintiff's right to information includes, but is not limited to, true and full information regarding the status and financial condition of BPM; and other information regarding the BPM's affairs that is just and reasonable.

72. Plaintiff has been denied this information as a result of Defendant Baxter's total usurpation of BPM.

73. Because Defendant Baxter has breached his fiduciary duties, Plaintiff lacks full knowledge of BPM's property, inventory, accounts receivable, income, and all other assets.

74. In order to ascertain BPM's value and to evaluate its debts, liabilities, and revenue stream, Plaintiff requests that the Court order an accounting of BPM and to provide Plaintiff with the statutorily mandated information.

## Count XI
### Dissolution Pursuant to R.C. §1705.47

75. Plaintiff repeats and incorporates by reference paragraphs 1 through 74 as though fully rewritten herein.

76. Plaintiff and Defendant Baxter are the only current members of BPM.

77. Plaintiff Baxter, as a member of BPM, seeks judicial dissolution of BPM, pursuant to R.C. §1705.47.

78. Defendant Baxter's actions, as described herein, have made it not reasonably practicable to carry on the business with Defendant Baxter.

79. Therefore, Plaintiff Baxter seeks an order from this Court dissolving BPM pursuant to R.C. §1705.47.

## Count XII
## Conversion Related to BPM

80. Plaintiff Baxter repeats and incorporates by reference paragraphs 1 through 79 as though fully rewritten herein.

81. Defendant Baxter, as co-owner and member of BPM, has wrongfully exerted dominion and control over BPM's assets, revenues, profits, and inventory inconsistent with his legal rights thereto.

82. Defendant Baxter lacked privilege in wrongfully converting BPM's assets and materials and his actions constitute wrongful conversion of BPM's property.

83. As a direct and proximate result of these actions, Plaintiff has been damaged in an amount to be determined at trial.

84. Plaintiff has not requested that BPM bring this action because any such request would have been useless and futile, as Defendant Baxter has usurped complete and exclusive control of the money, property, and affairs of BPM.

## Count XIII
## Unjust Enrichment

85. Plaintiff repeats and incorporates by reference paragraphs 1 through 84 as though fully rewritten herein.

86. Defendant Baxter has used his position as co-owner and member of BPM to receive benefits at Plaintiff's exclusion.

87. Plaintiff has not received the same or proportional benefits for which he is entitled to as co-owner and member of BPM.

10

88. It is unjust to allow Defendant Baxter to retain the benefits he has received to the exclusion of Plaintiff.

89. As a direct and proximate result, Plaintiff has been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants accordingly:

A.) **Count I – Breach of Fiduciary Duty**: The Court grants judgment in favor of Plaintiff and against Defendant Baxter in an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole;

B.) **Count II – Breach of Duty of Loyalty**: The Court grants judgment in favor of Plaintiff and against Defendant Baxter in an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole;

C.) **Count III – Request for Information Pursuant to R.C. §1701.37:** The Court grants judgment against Defendant Baxter and orders information be provided on ASAV as well as an accounting of ASAV, at Defendant Baxter's expense;

D.) **Count IV – Dissolution Pursuant to R.C. §1701.91:** The Court order ASAV dissolved pursuant to R.C. §1701.91;

E.) **Count V – Conversion:** The Court grants judgment in favor of Plaintiff and against Defendant Baxter in an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole;

F.) **Count VI – Unjust Enrichment:** The Court grants judgment in favor of Plaintiff and against Defendant in an amount to be determined at trial, plus statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole;

Sandra Kurt, Summit County Clerk of Courts

G.) **Count VII – Breach of Fiduciary Duty:** The Court grants judgment in favor of Plaintiff and against Defendant Baxter in an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole;

H.) **Count VIII – Breach of Duty of Loyalty:** The Court grants judgment in favor of Plaintiff and against Defendant Baxter in an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole;

I.) **Count IX – Violation of R.C. §1705.281:** The Court grants judgment in favor of Plaintiff and against Defendant Baxter in an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole;

J.) **Count X – Request for Information Pursuant to R.C. §1705.22:** The Court grants judgment against Defendant Baxter and orders information be provided on BPM as well as an accounting of BPM, at Defendant Baxter's expense;

K.) **Count XI – Dissolution Pursuant to R.C. §1705.47:** The Court order BPM dissolved pursuant to R.C. §1705.47;

L.) **Count XII – Conversion:** The Court grants judgment in favor of Plaintiff and against Defendant Baxter in an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole;

M.) **Count XIII – Unjust Enrichment:** The Court grants judgment in favor of Plaintiff and against Defendant Baxter in an amount to be determined at trial, plus punitive damages, statutory interest, attorney fees, costs, and other expenses incurred such that Plaintiff is made whole; and

N.) For such other relief as this Court may see as just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all such triable causes of action.

Sandra Kurt, Summit County Clerk of Courts

Respectfully submitted,

/s/ Matthew B. Abens
DAVID L. HARVEY III (0080918)
MATTHEW B. ABENS (0075308)
Harvey + Abens Co., LPA
19250 Bagley Rd., Suite 102
Cleveland, Ohio 44130
Phone:(216) 651-0256
Fax: (216) 651-1131
dvdharv@harvlaw.com
mbabens@harvlaw.com

*Counsel for Ronald Baxter*

13

## VERIFICATION

STATE OF OHIO        )
                     ) SS.
COUNTY OF Cuyahoga   )

I, Ronald Baxter, being duly sworn according to law, hereby state that I have read the foregoing Complaint and the allegations contained therein are true and correct to the best of my knowledge.

_____
Ronald Baxter

SWORN TO AND SUBSCRIBED in my presence this 30th day of June, 20 20.

_____
NOTARY PUBLIC

MATTHEW B. ABENS, Atty.
NOTARY PUBLIC · STATE OF OHIO
My commission has no expiration date
Section 147.03 O.R.C.



14

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO
GENERAL DIVISION

| | | |
|---|---|---|
| **Ronald Baxter,** | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| V. | ) | |
| | ) | |
| **American Security & Audio Video** | ) | **PLAINTIFF RONALD BAXTER'S** |
| **Systems, Inc., et al.,** | ) | **REQUEST FOR THE PRODUCTION** |
| | ) | **OF DOCUMENTS UPON ALL** |
| Defendants. | ) | **DEFENDANTS** |
| | ) | |

Plaintiff Ronald Baxter, by and through undersigned counsel, and pursuant to Civ.R. 34, requests that Defendants produce and permit counsel for Plaintiff to inspect copies of the following materials. It is requested that said production be made within twenty-eight (28) days of service hereof by mailing a copy of all requested documents to counsel for Plaintiff:

> David L. Harvey
> Matthew B. Abens
> Harvey + Abens Co., LPA
> 19250 Bagley Rd., Suite 102
> Middleburg Heights, OH 44130

Compliance with this request can be made by forwarding copies of any and all requested items to undersigned counsel within the time provided for in the Civil Rules of Procedure.

The separately numbered requests for documents set forth below are hereby made expressly continuing so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial. The requests are to be responded to in accordance with the following definitions and instructions:

## Definitions and Instructions

(a)     "Documents" means all writings of any kind including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes, worksheets, diaries, statistics, letters, telegrams, telexes, telefaxes, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books; notations of any sort of conversations, telephone calls, meetings, or other communications; bulletins, printed matter of any kind, and all forms of drafts, notations, markings, alterations, modifications, changes, and amendments of any of the foregoing, graphical or aural records or representations of any kind (including, without limitation, photographs, charts, graphs, videotapes, recordings, and motion pictures); and the electronic, mechanical, or electrical records or representations of any kind (including, without limitation, tapes, cassettes, discs, and recordings).

(b)     The documents requested for production include those in the possession, custody, or control of defendant, its agents, representatives, or attorneys.

(c)     "Complaint" means Plaintiff's Complaint filed in this action in the Summit County Court of Common Pleas.

(d)     "Person" means any individual, partnership, corporation, association, union, government entity or agency, or any other entity or any director, officer, employer, or agent thereof.

(e)     "Plaintiff" shall refer to Ronald Baxter.

(f)     "Defendants" shall refer to all Defendants named in the Complaint unless otherwise specifically noted.

2

(g) Each request refers to all documents that are either known by Defendants to exist or that can be located or discovered by reasonably diligent efforts of defendant. Copies, if authenticated, of the original documents may be supplied in response.

(h) These requests are to be responded to in writing as to each separate request. However, a document which is the response to more than one request may, if the relevant portion is so marked or indexed, be produced and referred to in later response. If Defendants fail or neglect to produce any requested item for any reason, it shall state the date on which such document was made, from whom and to whom the document was directed, and a description of the substance of the document so that it can be identified for an *in camera* inspection. Defendants shall also state the precise objection as to the reason under the Ohio Rules of Civil Procedure for which Defendants claim the right to withhold such document or item.

### Requests for Production

Plaintiff requests that Defendants produce all documents that refer, relate, or pertain to, or reflect or constitute, the following matters:

1. Any and all documents related to Frank Baxter's state and federal tax returns for the last 5 years, including all schedules, W-2 forms, and 1099s and supporting schedules or worksheets used to derive any information listed on these documents.

2. Copies of all emails, text messages or written correspondences drafted or sent by Defendants related to any matter contained in the Complaint or concerning Plaintiff.

3. Copies of all expense reports submitted by Defendant Frank Baxter for the last 10 years and any other documents relating to expense reimbursements.

3

Respectfully submitted,

/s/ David L. Harvey III
DAVID L. HARVEY III (0080918)
MATTHEW B. ABENS (0075308)
Harvey + Abens Co., LPA
19250 Bagley Rd., Suite 102
Middleburg Heights, OH, 44013
Phone: (216) 651-0256
Fax: (216) 651-1131
dvdharv@harvlaw.com
mbabens@harvlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with Plaintiff's Complaint this 30th day of June, 2020, and was served with the Summons and Complaint in this action upon the following:

Frank Baxter
464 Boston Mills Road
Hudson, OH 44236

American Security & Audio Video Systems Inc.
10000 Aurora-Hudson Road
Hudson, Ohio.

Baxter Property Management, LLC
23846 Parkwood Drive
Columbia Station, OH 44028.

/s/ Matthew Abens
One of the attorneys for Plaintiff

4